UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SUSAN L. SIELER,

    Plaintiff,

-vs-

Case No. 10-12894
HON. AVERN COHN

LENAWEE STAMPING CORPORATION,

    Defendant.

_____/

# MEMORANDUM AND ORDER GRANTING
# DEFENDANT'S MOTION TO SET ASIDE ENTRY OF DEFAULT

## I. INTRODUCTION

This is an employment discrimination case under the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601. Plaintiff Susan Sieler (Sieler) claims that her FMLA rights were violated when Defendant Lenawee Stamping Corporation (Lenawee) laid her off. As a result, Sieler filed suit against Lenawee in state court. Lenawee failed to respond to Sieler's complaint, at which time the state court entered a default against Lenawee. Lenawee then filed a notice of removal to federal court and answered the complaint.

Now before the Court is Lenawee's motion to set aside the default. For the reasons that follow, the motion will be granted.

## II. BACKGROUND

The facts as the Court understands them from the parties' papers are as follows.

1.

As stated, Sieler worked for Lenawee until she was laid off on April 4, 2008. On March 31, 2010, one week before the statute of limitations was set to expire, Sieler filed a

lawsuit against Lenawee in state court claiming that her layoff was unlawful under the FMLA. On June 29, 2010, Lenawee was served with a complaint and summons, its first notice of the lawsuit. Twenty-two days later, after not receiving an answer to the complaint, Sieler asked the state court for a default against Lenawee, which the court clerk entered on July 21, 2010. One day later, on July 22, 2010, Lenawee filed a notice of removal to federal court. Also on July 22, 2010, Lenawee filed an answer and affirmative defenses in federal court.

2.

After the case was removed, Lenawee's counsel attempted without success to contact Sieler's counsel – by letter on August 23, 2010 and by phone on September 23, 2010 – in order to discuss voluntary disclosures and other discovery matters. On October 14, 2010, Lenawee's and Sieler's counsel spoke by phone at which time Sieler's counsel raised the default issue.

### III. ANALYSIS

1.

Lenawee first asserts that the state court's entry of default was premature and, thus, is voidable because its answer and affirmative defenses were timely filed under Fed. R. Civ. P. 81(c)(2), which states in pertinent part, "[a] defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods . . . 7 days after the notice of removal is filed." Id. Notably, however, Fed. R. Civ. P. 81 (1) states that the rule applies to civil actions *after* removal from state court. Id. (emphasis added).

Here, the state court entered a default against Lenawee before the case was removed to federal court. Thus, the Michigan Court Rules, not the Federal Rules of Civil Procedure, i.e., Fed. R. Civ. P. 81, applied. Particularly, Mich. Ct. R. 2.108(A)(1) required Lenawee to file an answer 21 days after being served. After Lenawee failed to answer within 21 days, the state court was obligated to enter a default under Mich. Ct. R. 2.603(a), which states, "[i]f a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, and that fact is made to appear by affidavit or otherwise, the clerk must enter the default of that party." Id. In other words, because Lenawee's answer was untimely under the Michigan Court Rules, the state court's default entry against Lenawee prior to removal was proper.

2.

Lenawee next argues that the default should be set aside for good cause under Fed. R. Civ. P. 55(c) because Sieler will not be prejudiced and because Lenawee has presented a meritorious defense. Lenawee is correct.

As an initial matter, now that the case has been removed to federal court, the Federal Rules of Civil Procedure apply. See 28 U.S.C. § 81(c)(1) ("These rules apply to a civil action after it is removed from a state court."); see also 28 U.S.C. § 1446(d) (stating that once a case is removed to federal court, "the State court shall proceed no further unless the case is remanded").

Next, related to Lenawee's good cause argument, "it is important to distinguish between an entry of default and a default judgment." O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003) (internal citation omitted). "That is, a stricter standard of review applies for setting aside a default once it has ripened into a

3

judgment." Id. (internal citations and quote marks omitted). "However, under Federal Rule of Civil Procedure 55(c), "[f]or good cause shown, the court may set aside an entry of default. . . ." Id.

Further, "the district court enjoys considerable latitude under the good cause shown standard." Id.; see also Shepard Claims Serv., Inc. v. William Darrah & Assoc., 796 F.2d 190, 193 (6th Cir.1986) (noting that "[s]ince entry of default is just the first procedural step on the road to obtaining a default judgment, [a] policy of favoring trials on the merits applies whe[n] considering a motion under Rule 55(c)"). "The criteria used to determine whether good cause has been shown for purposes of granting a motion under Rule 55(c) are whether(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious. Id. Related to the willfulness factor, "[t]o be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." Shepard, 796 F.2d at 194.

Finally, "[i]t has been found that a district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." O.J. Distributing, 340 F.3d at 353.

Here, as previously stated, Lenawee first argues that Sieler will not suffer any prejudice from the default being set aside. Particularly, Lenawee says because Sieler waited nearly two years to file the complaint, 89 days to serve it, and approximately three months to respond to communications from Lenawee's counsel, any further delay resulting

4

from the case going forward on the merits will not prejudice Sieler. Further, Lenawee argues that it has met the meritorious defense factor because of its defense that Sieler's layoff was due to economic downturns in the automotive industry, and not related to protected FMLA activity.

Sieler responds by arguing that even if Lenawee has shown a lack of prejudice and meritorious defense, the Court should not set aside the default because it is undisputed that Lenawee failed to appear and plead in state court, which shows that the default was willful. Sieler is incorrect, however, because Lenawee's conduct does rise to a level that "display[s] either an intent to thwart judicial proceedings" or a "reckless disregard for the effect of its conduct," as required to prove the willfulness factor. Shephard, supra, at 194. Further, the Court finds that Sieler will not be prejudiced if the Court sets aside the default. The Court also finds that Lenawee has set forth a meritorious defense. Thus, because the lack of prejudice and meritorious defense factors have been met, the case must go forward.

## IV. CONCLUSION

For the reasons stated above, Lenawee's motion is GRANTED.

SO ORDERED.

Dated: December 16, 2010   S/Avern Cohn
　　　　　　　　　　　　　　　AVERN COHN
　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 16, 2010, by electronic and/or ordinary mail.

　　　　　　　　　　　　　　　S/Julie Owens
　　　　　　　　　　　　　　　Case Manager, (313) 234-5160